IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHILIP SERVICES CORPORATION, *et al.* | § § § | |
| VS. | § § § § | CIVIL ACTION NO. H-06-2518 |
| CITY OF SEATTLE | § | |

**MEMORANDUM AND ORDER**

The parties, Philip Services Corp. and the City of Seattle, have settled this case on appeal. The parties jointly move to vacate this court's March 2, 2007 Memorandum and Opinion and Order as part of that settlement. The parties urge that vacatur is appropriate under Federal Rule of Civil Procedure 60(b) because "exceptional circumstances" are present. (Docket Entry No. 20). Based on the present record, this court declines the request, but it will allow the parties to supplement the basis for vacatur.

**I.     Background**

The practice of courts vacating their decisions as part of the parties' settlement has long been controversial. The arguments have centered on whether the practice helps or hinders settlements and whether the public interest and rights of third parties are affected.[1]

---

[1] There has been extensive academic commentary. *See, e.g.*, Jill E. Fisch, *Reinventing History: The Propriety of Eradicating Prior Decisional Law Through Settlement and Vacatur*, 76 Cornell L. Rev. 589 (1991); Judith Resnik, *Whose Judgment? Vacating Judgments, Preferences for Settlement and the Role of Adjudication at the Close of the Twentieth Century*, 41 UCLA L. Rev. 1471 (1994); Note, *The Benefits of Applying Issue Preclusion to Interlocutory Judgments in Cases that Settle*, 76 NYU L. Rev. 874 (2002); Note,

In *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 19 (1994), the Supreme Court addressed "whether appellate courts in the federal system should vacate civil judgments of subordinate courts in cases that are settled after appeal is filed or certiorari sought." The Court's answer, in a unanimous opinion, was a clear "no." The Court discussed the "equitable entitlement to the extraordinary remedy of vacatur" and acknowledged that a party's "voluntary forfeiture of review constitutes a failure of equity." *Id*. at 26. The Court also recognized the public interest in judicial precedents, which are "presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur."[2] *Id*. The Court stated that vacatur of a judgment because of settlement is not favored and requires "exceptional circumstances." *Id*. at 29. The Court held that voluntary settlements and agreements among litigating parties that provide for vacatur of a lower court opinion are not sufficient, standing alone, for a court to vacate a lower court opinion. *Id*. The parties seeking relief from the status quo of the judgment must demonstrate equitable entitlement to the extraordinary remedy of vacatur. *Id*.

---

*Settlement Pending Appeal: An Argument for Vacatur*, 58 Fordham L. Rev. 233 (1989); Note, *Avoiding Issue Preclusion by Settlement Conditioned Upon the Vacatur of Entered Judgments*, 96 Yale L.J. 860 (1987); Note, *Erasing the Law: The Implications of Settlements Conditioned upon Vacation of Reversal of Judgments*, 50 Wash. & Lee L. Rev. 1229 (1993). Note, *Unsettling Settlements: Should Stipulated Reversals be Allowed to Trump Judgments' Collateral Estoppel Effects Under* Neary?, 85 Cal. L Rev. 479 (1997).

[2] The authors of a leading treatise had taken the position that the parties should be free to settle pending appeal on terms that require vacation of a district court judgment. However, "this view has been emphatically rejected by the Supreme Court" in *Bonner Mall*. Wright, Miller & Cooper, 13 *Fed. Prac. & Proc.*, § 3533.10 (2001).

The *Bonner Mall* opinion expressly stated that it dealt only with appellate vacatur of lower court decisions. 513 U.S. at 19, 28-29. "It speaks not at all to the power of a district court to vacate or otherwise modify its own opinion." *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 117 (4th Cir. 2000). The district and appellate power of vacatur are derived from different sources; while the appellate power of vacatur is granted by 28 U.S.C. § 2106, the district court power is derived from Federal Rule of Civil Procedure 60(b). Despite this difference, most courts considering the question have held that a district court should apply the *Bonner Mall* "exceptional circumstances" standard in deciding whether to vacate its own judgment when a case becomes moot as a result of settlement. *E.g., Valero*, 211 F.3d at 121; *Equal Access for All, Inc. v. Hughes Resort, Inc.*, No. 5:04cv178/MCR, 2006 WL 1313189, at *1 n.4 (N.D. Fla. May 12, 2006); *Clever Devices, Ltd. v. Digital Recorders, Inc.*, No. 3:03-CV-679-M, 2004 WL 1265934, at *4 (N.D. Tex. June 3, 2004); *Ericsson, Inc. v. InterDigital Commc'ns Corp.*, No. 3:93-CV-1809-M, 2004 WL 1636924, at *11 (N.D. Tex. June 3, 2004), *rev'd on other grounds,* 418 F.3d 1217, 1224 (Fed. Cir. 2005); *Nilssen v. Motorola, Inc.*, Nos. 93 C 6333, 96 C 5571, 2002 WL 31369410, at *2 (N.D. Ill. Oct. 21, 2002); *Ryland Group, Inc. v. Travelers Indem. Co. of Ill.*, No. A-00-CA-233 JRN, 2001 WL 1200655, at *2 (W.D. Tex. Feb. 16, 2001); *In re Fraser*, 98 F. Supp. 2d 788, 791 (E.D. Tex. 2000); *Carter v. Rosenberg & Estes, P.C.*, No. 95 CIV. 10439(DLC), 1999 WL 13036, at *2 (S.D.N.Y. Jan. 13, 1999).

Courts have identified several reasons why the *Bonner Mall* standard should apply to a district court's decision to vacate its own order. First, the nature of the relief sought is the

same, and the general presumption against vacatur announced in *Bonner Mall* arises from the extraordinary nature of the relief, not the nature of the deciding forum. Second, *Bonner Mall* identified the considerations relevant to the district court's decision to vacate its own order. Third, nothing in the language of the respective vacatur authorities suggests that different equitable standards do or should govern the exercise of the respective vacatur powers. Fourth, there are close parallels between the considerations that *Bonner Mall* identified as relevant to deciding whether to vacate a lower court order and the considerations that the Court has identified as generally relevant under Rule 60(b)(6). Finally, district courts have long applied the same standards as appellate courts in deciding whether to vacate their own judgments. *Valero*, 211 F.3d at 118-20.

Several district courts have acknowledged that *Bonner Mall* may have implications for a district court's decision regarding vacatur but have not applied the "exceptional circumstances" standard. *See United States v. Reid*, No. 96-CV-2004 (ILG), 2000 WL 1843291, at *2-3 (E.D.N.Y. 2000) (acknowledging that "[d]istrict courts have considered the factors and circumstances outlined in [*Bonner Mall*] . . . in deciding motions to vacate their decisions," but engaging in a balancing analysis and concluding that "the balance tips in favor of the public interest" and thus against vacatur); *Jewelers Vigilance Comm., Inc. v. Vitale Inc.*, 177 F.R.D. 184 (S.D.N.Y. 1998) (mentioning the "exceptional circumstances" standard, but balancing the interests of the parties in settlement against the public interest in finality of judgment in deciding whether to vacate a prior order); *Agee v. Paramount Commc'ns, Inc.*, 932 F. Supp. 85, 87-88 (S.D.N.Y. 1996) (acknowledging that "the

considerations explored in [*Bonner Mall*] . . . are also relevant on the district court level," but only in that *Bonner Mall* "counsel[s] against automatically granting Rule 60(b) motions after settlement.").

Only the Ninth Circuit has explicitly rejected the view that the *Bonner Mall* standard for vacatur is relevant to a district court deciding whether to vacate a prior judgment. *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1167-70 (9th Cir. 1998). The Ninth Circuit held that a district court should continue to employ an "equitable balancing test," under which it must "decide whether to vacate its judgment in light of the consequences and attendant hardships of dismissal or refusal to dismiss and the competing values of finality of judgment and right to relitigation of unreviewed disputes." *Id*. at 1168-69 (quotations omitted). The court stated that a district court's greater familiarity with the facts of a case justified a more liberal approach toward granting the "extraordinary remedy" of vacatur. "Given the fact-intensive nature of the inquiry required, it seems appropriate that a district court should enjoy greater equitable discretion when reviewing its own judgments than do appellate courts operating at a distance." *Id*. at 1170.

**II.   Analysis**

The settling parties have asked this court to vacate its memorandum and opinion analyzing taxes imposed under sections of the Seattle Municipal Code. This court analyzed the issue because the Chapter 11 debtor, Philip Services Corp., challenged the City's tax assessments in the bankruptcy court. The parties assert that there are "exceptional circumstances" that justify the equitable remedy of vacatur. (Docket Entry No. 20). Whether

5

.

the "exceptional circumstances" standard or a less stringent equitable balancing test applies, vacatur is not justified based on the reasons the parties have identified.

First, the parties argue that this court should vacate its prior decision because this case involves the unusual circumstance of a Texas court – first bankruptcy, then district – interpreting the Seattle Municipal Code. The parties assert that vacatur would not implicate the concerns expressed in *Bonner Mall* about preserving precedent because this court's opinion has no precedential value in the State of Washington. (Docket Entry No. 20 at 6). However, the concerns that courts have expressed about the practice of allowing settling parties to erase prior court decisions are not limited to decisions that have precedential effect. *Bonner Mall* itself found that an appellate court should apply the same standard for vacatur to both binding and nonbinding opinions.

A district court's decision generally has no precedential value in the sense that it is not binding on other courts.[3] Nonetheless, *Bonner Mall* stated that an appellate court could not vacate a district court opinion absent "exceptional circumstances." 513 U.S. at 29. One district court points out that there is a "systemic" interest in preserving district court judgments because they "play a significant role in the development of decisional law by providing guidance to private parties with respect to the availability of remedies and to litigation strategy," and they "can also be useful to the courts of appeals in rendering

---

[3] Although a district court's decision is not precedential, there may be preclusive effects on subsequent cases involving the same parties or the same issues or entities and issues with sufficiently close relationships to those in the present case to trigger preclusion. The settling parties in this case do not argue a need to avoid any such preclusive effects, however, but only precedential "binding" effects, which they agree are not present in any event.

decisions." *Carter*, 1999 WL 13036, at *3; *see also Nilssen*, 2002 WL 31369410, at *3 (refusing to vacate a prior decision in part because of the value of the prior decision's persuasive authority); *Ryland*, 2001 WL 1200655, at *2 (same).

The second reason identified for vacating the prior decision is the fact of the parties' settlement and the added fact that it was reached through the Fifth Circuit's mediation process. (Docket Entry No. 20 at 6). The cases are clear that settlement alone is not a sufficient basis for vacating a prior court decision. *Clever*, 2004 WL 1265934, at * 4; *Nilssen*, 2002 WL 31369410, at *3; *Carter*, 1999 WL 13036, at *3. The fact that the settlement was facilitated through court-annexed mediation is not a principled basis for relaxing the showing for vacatur.

This court also notes that vacatur is not needed to promote settlement in this case. Although the Supreme Court cautioned that "exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur," *Bonner Mall*, 513 U.S. at 29, at least one court has found the fact that settlement is conditioned on vacatur should be given some weight in deciding whether "exceptional circumstances" exist. *See Major League Baseball Propert*ies, *Inc. v. Pac. Trading Cards, Inc.*, 150 F.3d 149, 152 (2d. Cir. 1998) (finding exceptional circumstances present in part because vacatur of the district court's order and opinion was a necessary condition of settlement); *but see Carter*, 1999 WL 13036, at *3 (holding that "exceptional circumstances" were not present despite the fact that "the parties are now desirous of settlement on certain terms and are unwilling to settle on those terms if vacatur is not granted."). The settlement is not conditioned on this court vacating its prior

7

opinion. The settlement agreement only provides that the City of Seattle may file a motion to vacate and that Philip Services Corp. shall join in the motion if filed and provide any reasonable assistance and cooperation necessary to file the motion. (Docket Entry No 20, Ex. B).

The final reason the parties offer for vacatur is that the bankruptcy court has approved the parties' settlement. (Docket Entry No. 20 at 6-7). The portions of the bankruptcy court's opinion approving the settlement as reasonable did not mention the narrow aspect of the settlement involved here, the vacatur of this court's order.

The motion to vacate this court's decision is denied on the basis of the present record. The parties may supplement the basis for the motion to vacate no later than November 30, 2007.

SIGNED on November 14, 2007, at Houston, Texas.

_____
                    Lee H. Rosenthal
                United States District Judge